UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK CROUCH,
                Plaintiff,

                                    Case No. 1:07-cv-477

-v-

                                      HONORABLE PAUL L. MALONEY

J.J. MARSHALL & ASSOCIATES, INC.,
                Defendant.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Defendant J.J. Marshall filed this Motion to Dismiss (Dkt. No. 2) under Federal Rule of Civil Procedure 56©. Plaintiff Crouch filed an answer to the motion. Defendant filed a supplemental brief alerting this Court to recent authority Defendant felt was relevant. This Court has read the motion, briefs and other documentary evidence submitted for the record. Defendant requested oral argument. This Court finds oral argument is unnecessary and issues this opinion and order on the briefs.

## I. BACKGROUND.

In early November 2006, Defendant contacted Plaintiff Crouch attempting to collect on a debt. On November 24, 2006 Plaintiff filed an action against Defendant (Case No. 1:06-cv-835) alleging, among other claims, Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*, by harassing him, making false representations and using unconscionable means in an effort to collect a debt. At a settlement conference on May 1, 2007, the parties placed a settlement on the record dismissing the action and agreed to submit a stipulation of dismissal within two weeks.

Before the stipulated dismissal was submitted to the court, Defendant sent a letter to Plaintiff

demanding payment of the debt on May 7, 2007.  On May 17, 2007, the parties submitted a stipulated order agreeing to dismiss the suit.  The stipulation stated that the action was dismissed with prejudice and without costs.  The stipulation further provided that the debt which gave rise to the action "is unaffected by this dismissal and the parties retain all their claims and defenses as to the alleged debt."  The court signed the stipulated order on May 18, 2007.

On May 16, 2007, the day before the parties submitted the stipulated order, Plaintiff filed this action alleging Defendant violated the FDCPA, 15 U.S.C. § 1692c(a)(2) by communicating directly with the him when he was represented by an attorney.

## II.  LEGAL FRAMEWORK

### A.  Federal Rule of Civil Procedure 56©

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56©.  The burden is on the moving party to show that no genuine issue of material fact exists, but that burden may be discharged by pointing out the absence of evidence to support the nonmoving party's case. *Bennett v City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The facts, and the inferences drawn from them, must be viewed in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (quoting *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the moving party has carried its burden, the nonmoving party must set forth specific facts showing there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita*, 475 U.S. at 574. The question is "whether the evidence presents a sufficient disagreement to require submission to

the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-252.  Generally, a motion for summary judgment under Rule 56 cannot be considered until the plaintiff has had some opportunity for discovery.  *Vaughn v. United States Small Bus. Ass'n*, 65 F.3d 1322, 1325 n. 1 (6th Cir. 1995) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)).

B.  Fair Debt Collection Practices Act

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  15 U.S.C. § 1692(e); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 398 (6th Cir. 1998).  The FDCPA regulates communication connected to the collection of debts.

(a) Communication with the consumer generally
Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt - -
***
(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
***
© Ceasing communication
If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except - -
(1) to advise the consumer that the debt collector's further efforts are being terminated;

(2) to notify the consumer that the debt collector or creditor may invoke specific remedies which are ordinarily invoked by such debt collector or creditor; or
(3) where applicable, to notify the consumer that the debt collector or creditor

3

intends to invoke a specific remedy.

15 U.S.C. § 1692c. Under subsection (a)(2), a debt collector may not communicate with a consumer regarding a debt if (1) the consumer is represented by an attorney with respect to that debt and (2) the debt collector is aware that the consumer is represented by an attorney with regard to that debt. *Dowling v. Litton Loan Servicing, LP*, No. 05-098, 2006 WL 3498292 (S.D. Ohio Dec. 1, 2006) (unpublished opinion on cross motions for summary judgment). *Berndt v. Fairfield Resorts, Inc.*, 337 F. Supp.2d 1120 1132-1133 (W.D. Wis. 2004).

Courts should not impute knowledge of attorney representation by creditors to debt collectors. *Randolf v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004) (noting knowledge by principal may be imputed to an agent, but debt collectors are independent contractors, not agents or employees). However, if a debt collector learns the consumer is represented, even if not formally notified of the fact, the debt collector must contact only the attorney. *Goins*, 352 F. Supp.2d at 272-273 (quoting commentary on § 1692c(a)(2) from the Federal Trade Commission, 53 Fed. Reg. 50097, 50104 (1988)). *But see Heintz v. Jenkins*, 514 U.S. 291, 298 (1995) (holding the FTC commentary is not binding on either the Commission or on the public and that the staff commentary is afforded no deference when it conflicts with the statute or falls outside a reasonable interpretation of the statute).

III. ANALYSIS

The factual record developed by the parties is sparse at this early stage of this litigation. Defendant submits an affidavit from James Angelo, the CFO of J.J. Marshall & Associates. Mr. Angelo avers Plaintiff has never disputed or requested verification of the debt. Mr. Angelo states Plaintiff has not told Defendant to cease communication or to contact a specific attorney regarding

the debt.  Plaintiff's response to the motion relies almost entirely on allegations raised in the complaint.  Plaintiff also submits the order of dismissal issued in the previous case.

Defendant offers three arguments in support of its motion to dismiss.  First, Defendant argues the attorney's representation of Plaintiff in the initial lawsuit was not specific.  Defendant argues Plaintiff has never disputed the debt and never requested Defendant cease communicating with him regarding the debt.  Defendant argues Attorney Rogers never communicated to Defendant that he was representing Plaintiff in regards to the underlying debt.  Plaintiff counters he may continue to dispute the debt as provided by the stipulated order issued in the previous case.  Plaintiff argues he was represented by counsel in the first case, a fact Defendant was well aware of at least by the settlement conference when Mr. Angelo, Plaintiff and both attorneys appeared.

Defendant's first argument is unpersuasive.  The FDCPA does not require the consumer to dispute the debt to invoke the protection afforded under § 1692c(a)(2).  The FDCPA does not require the consumer to refuse to pay or to request a debt collector cease communication in order to invoke the protection under subsection (a)(2).  Viewed in a light most favorable to Plaintiff, there are genuine issues of material fact.  Plaintiff sued Defendant over its collection efforts with respect to the debt.  Defendant renewed direct communication with Plaintiff only after the parties reached a settlement, but before the final order was signed by the Court.  Whether Plaintiff was represented with respect to the debt is a question of fact.  Whether Defendant knew Plaintiff was represented with respect to the underlying debt is also a question of fact.  The affidavit Defendant submits does not deny Plaintiff was represented by counsel with respect to the debt and does not deny that Defendant was aware of the representation.  The existence of the prior case is sufficient, at this early juncture, to create those issues of fact.

5

Second, Defendant argues the letter would fall into an exception to the general prohibition on contact with a consumer under 15 U.S.C. § 1692c(c)(2-3).[1]  Defendant alleges the letter was sent with respect to the collection of a specific dishonored check.  Defendant argues Michigan requires written demand for payment of a check comply with a form provided under MCL § 600.2952(2).

Defendant's argument requires an interpretation of the statute unsupported by the text. Defendant would have this Court read §§ 1692c(c)(2) and (3) as exceptions to § 1692c(a).  The text of the statute does not require such a conclusion.   Subsections (a) and © are independent prohibitions on communication, triggered by separate and distinct conditions. Under subsection (a)(2), once a consumer is represented by an attorney and the debt collector has knowledge of that representation, the debt collector may not communicate with that consumer.  This does not prohibit the debt collector from communicating with the consumer's attorney.  Subsection © prohibits a debt collector from communicating with the consumer if the consumer makes such a request in writing. Because the record does not contain evidence of such a request, Defendant cannot rely on the exceptions listed under (c)(2) and (c)(3).  Even if such a request had been made, nothing under subsection © suggests the debt collector could communicate directly with a consumer if that consumer was represented by an attorney.  Instead, the communication authorized as an exception under subsections (c)(2) and (c)(3) should be sent to the consumer's attorney.

One other district court has reached a different conclusion.  In *Buffington v. Schuman & Schuman, P.C.*, No. 00-1620, 2001 WL 34082273 (N.D.N.Y Feb. 21, 2001) (unpublished opinion granting defendant's motion for summary judgment), plaintiff received a letter from defendants, debt

---

[1]Defendant incorrectly cites the statute as 11 U.S.C. § 1692(c).

collection attorneys, after filing for bankruptcy.  Plaintiff was represented by an attorney in the
bankruptcy proceeding.  The letter plaintiff received stated that  he had defaulted on a mortgage,
apprised plaintiff of the amount due and described the method for avoiding foreclosure proceedings.
The district court held the letter did not violate § 1692c(a)(2).  *Id.* at * 3.  Interpreting *Heintz v.*
*Jenkins*, the district court "fe[lt] that while *Heintz* did not create a unilateral exception to the
FDCPA, lower courts are free to interpret §§ 1692c(c)(2) & (3) exceptions in a manner that
preserves a creditor's judicial remedies." *Id.*  The court explained the letter was necessary to notify
plaintiff of his default, advise plaintiff of defendant's intent to foreclose, and inform plaintiff how
to cure the default.  *Id.*  The court also concluded the letter was not the sort of abusive conduct the
FDCPA was intended to prevent.  *Id.*  Finally, in a footnote, the court dealt with plaintiff's argument
that (c)(2) and (c)(3) only apply when a debtor provides a written request to the debt collector asking
it to cease communication.  *Id.* at n. 3.  The court rejected the argument, concluding "[t]he position
does not survive the Supreme Court's implication in *Heintz* that communication with debtors is
permissible where necessary to preserve a creditors [sic] judicial remedies." *Id.*  The court also
found plaintiff did not establish that defendant knew he was represented with respect to the debt.
*Id.* at n. 4.

This Court respectfully disagrees with that interpretation of *Heintz.*  The lawsuit in *Heintz*
arose when a bank sued a debtor over a car loan.  The bank's law firm wrote a letter to the debtor's
attorney identifying how much was owed and the basis for the amount.  The debtor then sued the
law firm, alleging the letter violated the FDCPA's prohibition on trying to collect an amount not
authorized by the agreement creating the debt and the prohibition on making a false representation
of the amount of the debt.  The issue in the case was whether the FDCPA applied to attorneys.

7

*Heintz*, 514 U.S. at 294.  Resolving a split between the Sixth Circuit and Seventh Circuit, the

Supreme Court sided with the Seventh Circuit and held the FDCPA applies to attorneys.  *Id.*

      In rejecting one of Heintz's arguments, the Court found many of the potential anomalies

which Heintz alleged would result if attorneys were covered by the FDCPA, were not actually

anomalies.  *Id.* at 295-296.  Heintz argued, if the FDPCA applied to debt collecting lawyers, an

attorney could not file a lawsuit or a motion for summary judgment against a consumer who

requested the attorney cease communication under § 1962c©.  The Court concluded it was not

necessary to interpret § 1962c© in such a manner as to grind debt collecting lawsuits to a halt

because that subsection contains two exceptions, (c)(2) and (c)(3), which provide for specific

permissible communication.  *Id.* at 296.  The Court reasoned

> [c]ourts can read these exceptions, plausibly, to imply they authorize the actual
> invocation of the remedy that the collector "intends to invoke."  The language
> permits such a reading, for an ordinary court-related document does, in fact, "notify"
> its recipient that the creditor may "invoke" a judicial remedy.  Moreover, the
> interpretation is consistent with the statute's apparent objective of preserving
> creditor's judicial remedies.  We need not authoritatively interpret the Act's conduct-
> relating provisions how, however.  Rather we rest our conclusions on the fact that it
> is easier to read § 1962c© as containing some additional, implicit, exception rather
> than to believe that Congress intended, silently and implicitly, to create a far broader
> exception, for all litigating attorneys, from the Act itself.

*Id.* at 296-297.

      The portion of opinion discussing §§ 1692c(c)(2) and (3) are not essential to the outcome

of the case and are persuasive, albeit strongly, not mandatory authority.  Neither subsection (a)(2)

nor subsections (c)(2) and (3) were at issue in the case.  In fact, the Court does not mention, let alone

discuss, subsection (a)(2) in its opinion.  Subsections (c)(2) and (3) were discussed in the context

of a hypothetical situation where a debtor requests in writing that a debt collecting attorney cease

communication.  The Court concluded subsection © did not provide a sufficient basis to infer that

Congress intended to silently and implicitly create a broad exception for attorneys from the FDCPA.

The *Heintz* opinion does not require the conclusion that the exceptions under §§ 1692c(c)(2) and (3) apply to the prohibition under § 1692c(a)(2).  Subsection (a)(2) could not be used to "cause ordinary debt-collecting lawsuits to grind to a halt."  Debt collectors simply must send their letters to the debtor's attorney.  Should the debtor represented by an attorney invoke the protections under subsection © and request a debt collector cease communication, the debt collector may still rely on the exceptions located in (c)(2) and (c)(3), but those letters must be sent to the debtor's attorney.

Third, Defendant argues the action should be dismissed because Plaintiff ignored the proper procedures for disputing a debt under the FDCPA.  Defendant argues Plaintiff has not disputed the debt or challenged the validity of the debt.  Defendant argues it was obligated to send the letter under state law.  Defendant references *Bleich v. The Revenue Maximization Group, Inc.*, 233 F. Supp.2d 496 (E.D.N.Y. 2002) for the proposition that a creditor cannot incur liability where the debt validation procedures provided by the FDCPA have not been followed.  *See also Fed. Home Loan Mortgage Corp. v. Lamar*, ___ F.3d ___, 2007 WL 2768305 (6th Cir. 2007).  Defendant concludes the lawsuit is merely an attempt to wrangle recovery and attorney fees from Defendant and that this was not the sort of abusive practice targeted by the FDCPA.

The cases cited by Defendant on this argument are easily distinguished.  In both cases, plaintiffs alleged the letters they received contained false, deceptive and misleading information. The courts concluded the letters were not deceptive.  *Fed. Home Loan Mortgage Corp*, 2007 WL 2768305 at * 7; *Bleich*, 233 F. Supp.2d at 500.  Furthermore, the courts concluded the defendants complied with the statute by providing a detailed notice of the procedure for validating and disputing the debt. *Fed. Home Loan Mortgage Corp*, 2007 WL 2768305 at * 3; *Bleich*, 233 F. Supp.2d at 500.

9

None of those claims are at issue in this case. The cases collected under Section IIB in this opinion generally provide authority for holding debt collectors liable for direct communication with a debtor who is represented by an attorney.

The FDCPA is a strict liability statute. 15 U.S.C. § 1692k(a); *Fed. Home Loan Mortgage Corp*., 2007 WL 2768305 at * 7. However, the Sixth Circuit recently lamented the emergence of a cottage industry which polices the debt collectors for even the smallest and potentially inconsequential infraction of the FDCPA. *Id.* Standing alone on the instant record, this letter does not appear to be the sort of abusive practice the Act was designed to curtail. This Court is mindful of the Sixth Circuit's unease with this genre of cases. Neither proposition provides a legal basis for dismissing the case on this record. The Sixth Circuit's comments appear in the conclusion of an opinion where the court already concluded the defendant debt collector did not violate either federal or state law. That context does not pertain presently in this cause.

IV. CONCLUSION

Defendant generally has failed to establish, through documentary evidence, a lack of a genuine issue of material fact. Viewing the affidavit submitted by Defendant in a light most favorable to Plaintiff, this Court concludes there are genuine issues of material fact precluding summary judgment. The fact that Plaintiff has not disputed the debt nor specifically requested Defendant cease communication does not necessarily create a set of facts from which no reasonable juror could find for Plaintiff. The FDCPA does not require a plaintiff to dispute a debt or to cease communication in order to hold a debt collector liable under § 1692a(c)(2). The existence of the prior litigation creates a genuine issue of material fact as to whether he was represented by an attorney with respect to the debt and whether Defendant knew Plaintiff was represented by an

attorney with respect to the underlying debt when the letter was sent on May 7, 2007.

ORDER

Defendant's Motion to Dismiss (Dkt. No. 2) is **DENIED.**  When viewing the facts in the record submitted to this Court, Defendant has failed to establish that there are no genuine issues of material fact or that it is entitled to judgment as a matter of law.  **IT IS SO ORDERED.**


Date:   October 26, 2007                                  /s/ Paul L. Maloney
                                                         Paul L. Maloney
                                                         United States District Judge